IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONALD SIAS, #1948601 § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:17cv288 |
| § | | |
| KELLY ASHMORE, § | | |
| *Defendant* § | | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## RE: DEFENDANT'S RULE 12(b)(6) MOTION

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Initial Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), has been presented for consideration. Defendant filed objections. After conducting a de novo review of the objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the court.

Defendant objects to the Magistrate Judge's consideration of the alleged facts included in Plaintiff's reply to Defendant's Rule 12(b)(6) motion. Defendant is correct that courts usually do not look beyond the pleading when addressing a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, because the Court construes pro se litigants pleadings liberally, *see Johnson v. Atkins*, 999 F.2d 99 (5th Cir. 1993), and because, "generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998), the Magistrate Judge did not err in considering information from Plaintiff's reply to Defendant's motion.

Defendant additionally asserts the Magistrate Judge's Report "erroneously determined that Plaintiff has adequately asserted a facially plausible claim" of denial of access to the courts. In support, Defendant cites to *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), for the proposition that, in access-to-the-court claims, "the underlying cause of action . . . is an element that must be described in the complaint." Dkt. 37. In *Harbury*, the Supreme Court stated that "the right [to access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Harbury*, 536 U.S. at 415. Defendant argues Plaintiff has not pleaded a nonfrivolous, arguable underlying claim, and thus, the Report erroneously recommends denying the Rule 12(b)(6) motion. As the Report explains, Plaintiff states Defendant "is not allowing [Plaintiff] to file [his] nonfrivolous claim in court, and [ ] Defendant [does] not allow [Plaintiff] the legal process of starting a case." Dkt. 34, p. 3. Plaintiff argues Defendant has prevented him from re-opening and disputing orders of judgment against him. Dkt. 17, pp. 3-4, 13-15. Thus, the Court determines Plaintiff has sufficiently pleaded an underlying claim to survive the Rule 12(b)(6) motion. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** Defendant's motion to dismiss (Dkt. #15) is **DENIED**.
**SIGNED this 4th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE